UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTON RICHARDSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HELLMUTH, OBATA & ) <br> KASSABAUM, INC., ) <br> ) <br> Defendant. ) | Case No. 4:11CV1227 CDP |

## **MEMORANDUM AND ORDER**

Plaintiff Quinton Richardson has brought suit against his former employer, Hellmuth, Obata & Kassabaum, Inc., alleging employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act. Pending before me are several motions from the parties. Hellmuth, Obata & Kassabaum, Inc. has moved to dismiss Richardson's claims, or in the alternative, for judgment on the pleadings. It argues that Richardson's complaint does not meet the notice pleading requirements, and that Richardson filed his complaint more than 90 days after he received his right to sue letter from the EEOC, as required by 42 U.S.C. § 2000e-5(f)(1), and more than 90 days after the issuance of his right to sue letter by the Missouri Commission on Human Rights, as required by Mo. Rev. Stat. § 213.111. Richardson moves for

leave to file an amended petition, to amend a party name, and to remand this case to state court. Because I find that Richardson failed to file his complaint in a timely manner and there are no circumstances warranting an extension of time in this case, I will grant defendant's motion to dismiss, and deny all of plaintiff's motions.

## Background

Quinton Richardson is an African American male who was terminated from his employment with Hellmuth, Obata & Kassabaum, Inc. on February 3, 2009. Richardson alleges that Hellmuth engaged in employment discrimination, failing to promote Richardson because of his race. Richardson further alleges that he was passed over for promotion in favor of white candidates with less experience and seniority. Ultimately, Richardson claims he was terminated after lodging a complaint regarding his lack of promotion.

Richardson received a right to sue letter from the EEOC dated September 28, 2009. He received a right to sue letter from the MCHR dated October 30, 2009. Richardson then filed his *pro se* complaint in state court on January 29, 2010, mistakenly listing Hellmuth employee Clark Davis as the only defendant. On May 27, 2011, Richardson filed an amended complaint substituting Hellmuth for Davis. In July of 2011, Hellmuth removed the case, invoking federal question

jurisdiction. It filed the present motion to dismiss, or in the alternative, for judgment on the pleadings. Richardson then moved to replace the Title VII claims with claims under the Missouri Human Rights Act, and to remand this case to state court. I denied the motion, but indicated that Richardson's MHRA claims would be considered together with his Title VII claims. Richardson, now with counsel, again moves to file an amended complaint, to amend a party name, and to remand this case to state court.

## **Discussion**

Defendant Hellmuth moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Since no answer has been filed in this case, no Rule 12(c) motion can be decided. *Hailey v. Yellow Freight Sys., Inc.*, 599 F. Supp. 1332, 1333 (W.D. Mo. 1984); *State Farm Fire and Cas. Co. v. Spradling Home Inspections, LLC, et al.*, No. 4:10CV1887NAB, 2011 WL 4056042 at *2 (E.D. Mo. Sept. 13, 2011). I will therefore use the 12(b)(6) standard in evaluating this motion.[1]

---

[1] "Where a defendant files a motion for judgment on the pleadings prior to filing an answer, 'it is within the court's discretion whether to treat the motion as one to dismiss.'" *See,*

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 545.

---

*e.g., Culfin v. IBEW Local 11*, No. CV10-02748, 2010 WL 2465393 at *1 (C.D. Cal. June 15, 2010) (quoting *Knight v. Storex Sys., Inc.*, 739 F. Supp. 739, 743 (N.D.N.Y. 1990)); *Diaz v. G. Reynold Sims & Assocs., P.C.*, No. 10-13419, 2011 WL 17620 (E.D. Mich. Jan. 4, 2011); *Hailey*, 599 F. Supp. 1332 at 1333. Cases in which courts refused to exercise such discretion are factually distinguishable, as they involve unfiled pleadings by parties other than those raising the motion. *Watson v. Cnty. of Santa Clara*, No. C-06-4029RMW, 2007 WL 2043852 at *1-2 (N.D. Cal. July 12, 2007) (denying defendants' motion for judgment on the pleadings when other defendants in the suit had not yet filed answers); *State Farm Fire and Cas. Co.*, 2011 WL 4056042 at *1, 3 (denying defendant's motion for judgment on the pleadings because plaintiff had not filed an answer to counterclaims).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Here, Hellmuth argues that Richardson's claims are barred because his initial complaint was filed more than 90 days after September 28, 2009, the date of Richardson's EEOC letter, and more than 90 days after October 30, 2009, the date of Richardson's MCHR letter.[2] Richardson's counsel concedes that Richardson filed his complaint after the EEOC right to sue letter had "expired," but asserts that the filing was timely under the MCHR right to sue letter.

Under the Missouri Human Rights Act, "any action brought in court...shall be filed within ninety days from the date of the commission's notification letter." Mo. Rev. Stat. § 213.111. Richardson's notification letter from the MCHR is dated October 30, 2009, and he filed his initial complaint against Clark Davis in state court on January 29, 2010. This was 91 days after the right to sue letter was

---

[2] When deciding Rule 12(c) or Rule 12(b)(6) motions, courts may consider "some materials that are part of the public record." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1007 (8th Cir. 1999)). An EEOC charge is a public record. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002).

issued.  Richardson did not amend his complaint to name Hellmuth, Obata & Kassabaum, Inc. – the only party listed on the MCHR letter – as a defendant until May 27, 2011.  Even if the amended complaint relates back to the filing of the original complaint, however, the 90-day deadline was not met.

For Title VII claims, there is a rebuttable presumption that a claimant receives an agency's correspondence three days after it was mailed.  *Luckett v. Herbster-Hellweg Painting*, No. 4:08CV187FRB, 2008 WL 2620894 at *1 (E.D. Mo. June 27, 2008).  The 90-day limitation period therefore does not begin to run until three days after the issuance date of the right to sue letter.  *Id.*  The same three-day presumption does not apply to the MHRA's statute of limitations.  *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 138-39 (Mo. Ct. App. 2003).  "Statutes of limitations contained in the Missouri Human Rights Act have been strictly construed."  *Id.*  Therefore, the 90-day limitation period for MHRA claims runs from the date the right to sue letter was issued, and not when it was received.  *Id.* at 139.  A party cannot file a suit even one day after the 90-day statute of limitations has run, *see id.* at 134, 139, making Richardson's January 29, 2010 filing untimely under the MHRA.

Richardson filed his complaint as a *pro se* plaintiff, and as such he is held "to less stringent standards than formal pleadings drafted by lawyers."  *Ellis v.*

*Butler*, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But this does not mean that Richardson should be excused from the 90-day requirements in this case. With regard to the MHRA, "statutes of limitation may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions." *Hammond*, 117 S.W.3d at 138. Richardson does not argue that any such exceptions apply. Similarly, the EEOC 90-day deadline is subject to waiver, estoppel and equitable tolling, but only under limited exceptions. *Hoke v. Gen. Motors*, No. 4:07CV1095CDP, 2009 WL 57454 at *2 (E.D. Mo. Jan. 9, 2009) (citing *Zipes v. TWA, Inc.*, 455 U.S. 385, 393 (1982)). Richardson has not alleged that the defendant prohibited him from filing a timely suit or that the EEOC, through its own negligence, denied Richardson the opportunity to comply with its 90-day rule. Richardson simply missed the deadline for filing his suit on time. This fact alone does not constitute just cause to waive the 90-day time limit for filing a complaint. *See Hoke*, 2009 WL 57454 at *2*; see also Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 n.2 (8th Cir. 1989) (cataloguing the types of instances in which waiver or equitable tolling is warranted). For the aforementioned reasons, I find that Richardson's claims are untimely with regard to both the MHRA and Title VII, and should be dismissed.

Richardson has moved to amend his complaint, to amend a party name, and to remand this case to state court. Under Rule 15 of the Federal Rules of Civil Procedure, a district court should grant leave to amend freely "when justice so requires," and a motion to amend should only be denied for limited reasons, including plaintiff's undue delay or bad faith in bringing the motion, unfair prejudice to defendant, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Richardson's claims would fail for timeliness regardless of amendment or whether they were remanded to state court; I therefore deny Richardson's motion because amendment would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, or in the alternative, for judgment on the pleadings [#4] is granted in part and denied in part. The motion to dismiss is granted and plaintiff's complaint is dismissed in its entirety. A separate order of dismissal is entered this same date. The motion for judgment on the pleadings is denied.

**IT IS FURTHER ORDERED** that plaintiff's amended motion for leave to file amended petition [#12] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to correct party name [#16] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand [#17] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2011.